**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

MAGNA-D GLOBAL HEALTHCARE )
NO. 1 PRIVATE EQUITY FUND, )
                                )
       Plaintiff, )
                                )
      v. )  C.A. No. 2024-0456-SEM (NAC)
                                )
COIMMUNE, INC., )
                                )
       Defendant. )

## <u>ORDER REGARDING EXCEPTIONS</u>

WHEREAS:

1. On July 23, 2025, a Magistrate in Chancery issued an Order Awarding Fees ("Final Report") in the above-captioned action. Dkt. 109.

2. On July 28, 2025, Defendant CoImmune, Inc. ("CoImmune") filed a Notice of Exceptions to the Final Report ("Exceptions"). Dkt. 110.

3. The parties have fully briefed the Exceptions.

4. Oral argument on the Exceptions was held on November 14, 2025.

NOW, THEREFORE, the Court having carefully considered the briefing and oral argument on the Exceptions, IT IS HEREBY ORDERED, this 17th day of November 2025, as follows:

1. The Court has reviewed the record and considered *de novo* the issues on exception.[1]

---

[1] *Fischer v. Rambo*, 2024 WL 3757838, at *1 (Del. Ch. Aug. 12, 2024).

2. Plaintiff Magna-D Global Healthcare No. 1 Private Equity Fund ("Plaintiff") brought this action on April 29, 2024, seeking inspection of CoImmune's books and records pursuant to, among other things, the parties' contractual agreement. The Magistrate expedited this action. Progress was delayed, however, due to CoImmune's request for more time to respond to the complaint. Plaintiff moved for default judgment. Ultimately, trial took place on August 8. Post-trial argument occurred on August 28.

3. The Magistrate delivered her final post-trial report on September 9, recommending that judgment be entered in favor of Plaintiff and requiring CoImmune to produce the requested documents. Dkt. 57. Of note, the Magistrate found that CoImmune failed to join issue appropriately as to whether responsive documents were no longer within its possession, custody, and control, despite prior Court instructions requiring CoImmune to identify any such defense. Dkts. 2, 46. The Court further found that responsive documents available to CoImmune did in fact exist on a server that was a subject of trial and ordered that CoImmune provide Plaintiff access to the server. In connection with that ruling, the Court denied Plaintiff's request for fee-shifting.

4. CoImmune then took partial exception to the Magistrate's ruling on factual grounds that were not fairly presented to the Magistrate. CoImmune newly represented that the server contained data from companies other than CoImmune and, contrary to the record before the Magistrate, that CoImmune's former Chief Financial Officer no longer had direct access to the server since December 2023. In

its reply brief, CoImmune further incorrectly asserted that a hard drive with all responsive documents had already been provided to Plaintiff thus mooting the need to access the server directly.

5. I remanded the matter to the Magistrate for further proceedings in light of CoImmune's new, untimely, and contradictory representations regarding access to the server. It became apparent that CoImmune was engaged in vexatious litigation tactics intended to hinder Plaintiff's efforts to vindicate its contractual rights to books and records.

6. Plaintiff moved for Rule 11 sanctions and fee-shifting under the bad faith exception to the American Rule. Dkt. 84. CoImmune subsequently withdrew its exceptions to the September 9, 2024 post-trial report. Dkt. 90.[2]

7. The Magistrate found Rule 11 sanctions inappropriate, but shifted fees in Plaintiff's favor for bad faith litigation misconduct. Dkt. 98. The Magistrate found that CoImmune's introduction of new evidence and changing positions after the September 9, 2024 post-trial report constituted a misuse of the exceptions process. The Magistrate tailored her finding of bad faith to a shifting of fees incurred in responding to CoImmune's post-trial misconduct. At the Magistrate's instruction, Plaintiff then submitted its Rule 88 affidavit. In her Final Report following the parties' briefing on the fees sought in the affidavit, the Magistrate shifted $314,167.26 of fees in Plaintiff's favor. This represented a $174,470.90 reduction in

---

[2] Then-counsel for CoImmune moved to withdraw, which the Magistrate denied without prejudice in the circumstances. Dkt. 86.

Plaintiff's requested fees. In reducing the requested fees, the Magistrate described Plaintiff's request as "far broader than the spirit of my fee-shifting ruling and reflects disappointing overreaching."[3]

8. CoImmune takes exception to the Magistrate's ruling in two respects. First, CoImmune argues that its litigation conduct reflected "confusion" about access to the server, not bad-faith, egregious conduct.[4] Second, CoImmune argues that the fee award is unreasonable because it involved "multiple attorneys bill[ing] heavily for briefing exceptions," fees incurred in opposing the motion to withdraw and moving for sanctions, and that the result of these filings was asymmetrical to the fees incurred.[5]

9. The record shows that CoImmune ignored repeated instruction by the Court to determine its access to responsive documents and to be prepared to communicate that information to both Plaintiff and the Magistrate. The record further shows CoImmune either knew of the circumstances concerning its access to the server or willfully chose not to investigate and communicate those circumstances as repeatedly instructed by the Court during proceedings before the Magistrate. Instead, CoImmune popped up with its latest version of the ever-changing purported facts regarding the server only after Plaintiff's counsel had prepared for and

---

[3] Dkt. 109, Order Awarding Fees at 3.

[4] Dkt. 116, CoImmune's Opening Brief in Support of Exceptions to the Senior Magistrate's Recommendation at 12.

[5] *Id.* at 17–18.

presented post-trial argument and after the Magistrate had prepared and delivered her post-trial ruling. Considering all the circumstances, the inescapable conclusion is that CoImmune engaged in precisely the sort of vexatious litigation conduct that requires fee-shifting under the bad faith exception to the American Rule.[6]

10. In addition, "when awarding expenses as a contempt sanction or for bad faith litigation tactics, this Court takes into account the remedial nature of the award."[7] CoImmune acknowledges that the Magistrate trimmed down Plaintiff's fee request, but insists that she should have gone further. CoImmune ignores that its own conduct necessitated Plaintiff's actions in seeking prompt relief from this Court. CoImmune does not contest the bill rate or meaningfully contest the hours expended in Plaintiff's efforts to ensure CoImmune's compliance with the Magistrate's rulings.[8]

11. "Believing the [Magistrate] to have dealt with the issues in a proper manner, and having articulated the reasons for her decision well, there is no need for me to repeat her analysis."[9] I endorse the Magistrate's analysis and her conclusion.

---

[6] I discussed much of this at length with CoImmune's new counsel during oral argument and see no need to repeat it here. *See also* Dkt. 118, Plaintiff's Answering Brief in Opposition to Defendant's Exceptions to the Senior Magistrate's June 3 Order and Fee Award at 17 n.2 (raising yet more questions concerning the transparency of CoImmune's litigation positions).

[7] *Aveta Inc. v. Bengoa*, 2010 WL 3221823, at *6 (Del. Ch. Aug. 13, 2010).

[8] Even so, I have separately reviewed Plaintiff's invoices and find the amount awarded by the Magistrate appropriate—perhaps even a bit low, as I discussed with counsel during oral argument.

[9] *In re Est. of Erdman*, 2011 WL 2191680, at *1 (Del. Ch. May 26, 2011).

12.     After *de novo* review, I am satisfied that the Exceptions should be denied, and that the Final Report must be adopted and affirmed.[10]


                                        */s/ Nathan A. Cook*
                                        Vice Chancellor Nathan A. Cook

---

[10] Plaintiff also requests fees-on-fees for its defense of this latest round of exceptions.  I also discussed this with counsel during oral argument.  Considering all the circumstances, I conclude the amount awarded by the Magistrate is sufficient and decline to award more.